UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWIS EDISON,<br><br>                    Plaintiff,<br><br>          v.<br><br>LOS ANGELES POLICE DEPARTMENT,<br><br>                    Defendant. | No.  2:20–cv–1304–KJM–KJN PS<br><br>ORDER GRANTING IFP REQUEST; DISMISSING WITH LEAVE TO AMEND; AND<br>ORDER TO SHOW CAUSE<br><br>(ECF No. 2.) |

Plaintiff, who is proceeding without counsel in this action, has requested leave to proceed in forma pauperis under 28 U.S.C. § 1915.[1]  (ECF No. 2.)  Plaintiff's application in support of his request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915.  Accordingly, the court grants plaintiff's request to proceed in forma pauperis.

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry.  Under 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

///

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

**I.  Plaintiff fails to state a claim at screening, and is given leave to amend.**

Legal Standard

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A Rule 12(b)(6) dismissal may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory.  Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015).  In evaluating whether a pleading states sufficient facts on which to base a claim, all well-pled factual allegations are accepted as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and the complaint must be construed in the light most favorable to the non–moving party, Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007).  The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations."  Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  Thus, to avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  Simply, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570).  Plausibility means pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

Pro se pleadings are to be liberally construed.  Hebbe v. Pliler, 627 F.3d 338, 342 fn. 7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal).  Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them—if it appears at all possible the defects can be corrected.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).  However, if amendment would be futile, leave to amend need not be given.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

///

///

///

Analysis

Here, plaintiff's complaint contains sparse details about his claims. He lists as the sole defendant the "Los Angeles Police Department," and states the basis for federal jurisdiction is "Title 18 U.S.C. § 242, under color of state law violating my privacy, due process of law, warrants, false imprisonment." (ECF No. 1 at 2, 4.) For the statement of his claim, plaintiff simply states he "has been followed harassed tortured slandard [sic], privacy invaded, electronic surveillance used to do it. Kept awake awoken assaulted battered in his house and elsewhere." (Id. at 5.) He prays for $100,000,000 in damages "for rights violation, injury, emotional distress, exemplary tort, harassment, torture."

Plaintiff's complaint, as stated, borders on frivolity. Generally, private citizens have no authority to raise claims under Title 18 of the U.S. Code. Section 242 concerns "deprivation of rights under color of law," but provides a private plaintiff no relief. See Garcia v. Cal. Dep't of Forestry And Fire Prot., 385 F. App'x 636, 637 (9th Cir. 2010) ("[T]he criminal statutes and federal regulation plaintiffs cite do not confer a private right of action.") (citing Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.1980) (no civil liability under 18 U.S.C. §§ 241 or 242). Construing plaintiff's complaint liberally, it appears he intends to sue for violations of his rights under the U.S. Constitutional Amendments, including the First (privacy), Fourth (warrants and false imprisonment), and Fourteenth (due process). These claims are to be raised under 42 U.S.C. § 1983.

However, plaintiff's complaint does not remotely allege sufficient facts from which the court can draw a reasonable inference that a constitutional violation of some sort occurred—even construing plaintiff's claims under Section 1983. Plaintiff states that the L.A.P.D. is surveilling him electronically, has assaulted and battered him, and harassed, tortured, and slandered him. (ECF No. 5.) Without specific facts to support these assertions, they are mere conclusory assertions that cannot be taken as true. Twombly, 550 U.S. at 555-57. In order to state a claim, plaintiff needs to describe each event giving rise to his allegations of rights violations.

Further, the only named defendant in plaintiff's complaint is the L.A.P.D., which is an entity and not an individual officer. It is true that "local-government entities are considered

1  'persons' under Section 1983 and therefore may be liable for causing a constitutional deprivation.
2  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978); see also Long v. Cnty. of L.A.,
3  442 F.3d 1178, 1185 (9th Cir. 2006).  It is also true that California police departments are
4  independently suable public entities.  See Streit v. Cnty. of L.A., 236 F.3d 552, 565 (9th Cir.
5  2001).  However, these entities are only liable "for injuries that arise from an official policy or
6  longstanding custom."  Monell, 436 U.S. at 694; City of Canton v. Harris, 489 U.S. 378, 385-87
7  (1989).  To raise a Monell claim, a plaintiff must allege facts in a complaint "that a [municipal]
8  employee committed the alleged constitutional violation pursuant to a formal governmental
9  policy or a longstanding practice or custom which constitutes the standard operating procedure of
10 the local governmental entity."  Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992) (per
11 curiam) (citation omitted).  In addition, a plaintiff must allege facts demonstrating that the policy
12 was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation."  Trevino
13 v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).  Without a Monell claim, plaintiff must raise his
14 Section 1983 claims against each individual who allegedly acted "under color of state law" to
15 deprive plaintiff of his rights.  Plaintiff's complaint, as written, is devoid of these elements, and
16 so is subject to dismissal.  See, e.g., Morrison v. City of Los Angeles, 2019 WL 3017762, at *6
17 (C.D. Cal. July 10, 2019).

18        Leave to Amend

19        Before a court dismisses a complaint with prejudice and orders the case closed, it is to
20 give a plaintiff a chance to amend the pleadings—if it appears at all possible the defects can be
21 corrected.  See Lopez, 203 F.3d at 1130-31.  This is especially so for pro se plaintiffs.  However,
22 if amendment would be futile, leave to amend need not be given.  Cahill, 80 F.3d 339.

23        Here, the undersigned is highly skeptical that any amended complaint will be able to cure
24 the above deficiencies.  Notably, plaintiff has filed a similarly-styled complaint against the United
25 States Secret Service in 2018.  See Edison v. United States Secret Serv., 18-CV-1194 TLN-DB
26 PS, 2018 WL 4944884, at *2 (E.D. Cal. Oct. 11, 2018).  Therein, plaintiff alleged law
27 enforcement followed plaintiff "everywhere with space satellites with powerful beams locked on
28 to him," "hit him while he slept with hammer, awaken him constantly keep him awake threaten

4

insult and slander him in hundreds of rock and roll songs," and on one occasion "beamed maybe 50 people being run over on him they smash their run over faces a hundred people being murdered tortured on him." Id.  The court dismissed this case as frivolous.  Id. (report and recommendation adopted, 2019 WL 1095133 (E.D. Cal. Jan. 25, 2019)).

Nevertheless, in light of plaintiff's pro se status, and because it is at least conceivable that plaintiff could allege additional facts to potentially state a 42 U.S.C. § 1983 claim, the court finds it appropriate to grant plaintiff an opportunity to amend the complaint.

If plaintiff elects to file an amended complaint, this new pleading shall:

i. be captioned "First Amended Complaint";
ii. be limited to 10 pages, legibly written or typed (*pages exceeding the page limit will be summarily stricken and will not be considered part of plaintiff's complaint*);
iii. use numbered paragraphs;
iv. set forth his various claims in separate sections and clearly identify which defendants are allegedly at fault for each claim (e.g., Claim I against Defendants X, Y, and Z, Claim II against Defendants R and S, etc.);
v. under each section, list the factual allegations supporting that particular claim;
vi. include a general background facts section to orient the reader only as necessary;
vii. include his statements for jurisdiction, venue, and relief sought as is necessary;
viii. omit exhibits, documents, photos, or other such "evidence" of his claims;
ix. refrain from alleging redundant, immaterial, impertinent, or scandalous matters; and
x. address any other pleading deficiencies outlined above.

This amended complaint shall be filed within 28 days of this order.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint, and once the amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file an amended complaint.  If plaintiff determines that he is unable to amend his complaint in compliance with the court's order at this juncture, he may alternatively file a notice of voluntary dismissal of his claims without prejudice within 28 days of this order.  See Federal Rule of Civil Procedure 41(a)(1)(A)(i).

///

///

**II.     Plaintiff is ordered to show cause why this action should not be transferred.**

Should plaintiff be able to state claims under Section 1983 on the terms outlined above, another matter requires the court's attention.

Under 28 U.S.C. § 1404, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented. This is generally done "for the convenience of parties and witnesses, in the interest of justice," and "to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964). Transferring an action requires the court to balance a number of factors, including: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the forum's contacts with the plaintiff's cause of action; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (8) the ease of access to sources of proof; (9) the presence of a forum selection clause (which is a "significant factor"); (10) the relevant public policy of the forum state, if any; (11) convenience of the parties; (12) convenience of the witnesses; (13) local interest in the controversy; (14) court congestion of the two forums; and (15) feasibility of consolidating other claims. See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000).

Here, plaintiff has filed this claim in the Eastern District of California, Sacramento Division, but alleges claims against the Los Angeles Police Department. Under the court's venue principles, it is highly likely that any claim stated against the L.A.P.D., or any individual officers thereof, should be raised in the Central District of California—in Los Angeles. Thus, should plaintiff choose to amend, he is also ordered to show cause why this action should not be transferred to the Central District of California. Plaintiff's response to the court's order regarding transfer shall be filed as a separate memorandum, and shall indicate why the case should remain in the Eastern District. See Union Elec. Co. v. Energy Ins. Mut. Ltd., 689 F.3d 968, 972 (8th Cir. 2012) ("There is authority supporting the district court's ability to sua sponte transfer a case under

§ 1404(a)); Singh v. Cissna, 2018 WL 4182602 (E.D. Cal. Aug. 30, 2018) ("However, even assuming that venue is proper in this district, the Court may sua sponte transfer this case to another district under 28 U.S.C. § 1404(a), so long as the parties are first given the opportunity to present their views on the issue.") (citing Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986). If plaintiff amends, the court will first take up whether he has adequately stated facts supporting a claim, and if so, will then examine whether the action should be transferred under Section 1404.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis is GRANTED;
2. Plaintiff's complaint is DISMISSED with leave to amend;
3. Within 28 days of this order, plaintiff shall file either (a) a first amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice;
4. Alongside any amended complaint, plaintiff shall file a brief stating why any action against the LAPD or its officers should not be transferred to the Central District of California; and
5. Failure to file either a first amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice under Federal Rule of Civil Procedure 41(b).

Dated: July 14, 2020

_KENDALL J. NEWMAN_
UNITED STATES MAGISTRATE JUDGE

edis.1304