UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWIS EDISON,<br><br>               Plaintiff,<br><br>   v.<br><br>LOS ANGELES POLICE DEPARTMENT,<br><br>               Defendant. | No. 2:20–cv–1304–KJM–KJN PS<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS FOR FAILURE TO PROSECUTE |

       On June 30, 2020, plaintiff filed a complaint and accompanying motion to proceed in forma pauperis ("IFP"). (ECF Nos. 1, 2). On July 14, the court granted the IFP request, but dismissed all claims with leave to amend because the complaint lacked any facts to support his allegations. (ECF No. 3.) Plaintiff was also ordered to show cause why the action should not be transferred to the Central District of California, as all claims concerned actions taken by officers in the Los Angeles Police Department. (Id.) The court instructed that plaintiff's amended complaint (or notice of voluntary dismissal) should be filed within 28 days, and warned him that failure to do so could result in dismissal. (Id.) The deadline has now passed, and the court has not received any filings from plaintiff in response to this order.

       Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself [] without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing

1

in propria persona.  Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds).  A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, or the Federal Rules of Civil Procedure.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (sua sponte dismissal under Rule 41(b) approved plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules.  See Ferdik, 963 F.2d at 1260.  These are:

(1) the public's interest in expeditious resolution of litigation;
(2) the court's need to manage its docket;
(3) the risk of prejudice to the defendants;
(4) the public policy favoring disposition of cases on their merits; and
(5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002).

Here, the first two factors weigh in favor of dismissal, because this case has already been delayed by plaintiff's failure to take the steps necessary to move this case forward.  The third factor also favors dismissal, because, at a minimum, defendants have been deprived of an opportunity to be promptly notified of the lawsuit and prepare their defense.  With the passage of time, memories' fade and evidence becomes stale.  The fifth factor also favors dismissal because the court has already attempted less drastic alternatives.  Specifically, the court provided plaintiff

2

with leave to amend, as well as an opportunity to brief the venue issue, and warned plaintiff of the consequences for failure to do so. (ECF No. 3.) However, since plaintiff's initial filing, he has been incommunicado, leaving the court with little alternative but to recommend dismissal. Given his request to proceed IFP, it is unlikely that monetary sanctions would be effective. As to the fourth factor, the public policy favoring disposition on their merits, that factor is outweighed by the other Ferdik factors. Indeed, it is plaintiff's own failure to prosecute the case and comply with the rules that precludes a resolution on the merits. Therefore, after carefully evaluating the Ferdik factors, the court concludes that dismissal is appropriate.

**RECOMMENDATIONS**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's claims be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b); and

2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: September 1, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

edis.1304