UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWIS EDISON,<br><br>             Plaintiff,<br><br>     v.<br><br>LOS ANGELES POLICE DEPARTMENT,<br><br>             Defendant. | No.  2:20–cv–1304–KJM–KJN PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS TO DISMISS<br><br> (ECF Nos. 2, 3, 4, 5.) |

    Plaintiff, who is proceeding without counsel in this action, previously requested leave to proceed in forma pauperis under 28 U.S.C. § 1915.[1]  (ECF No. 2.)  On July 14, 2020, the court granted plaintiff's IFP application, screened his complaint under 28 U.S.C. § 1915.  The court found that plaintiff's original complaint "bordered on frivolity."  (ECF No. 3.)  However, because it appeared possible that plaintiff might be able to state a claim against certain officers of the Los Angeles Police Department under 28 U.S.C. § 1983, leave to amend was granted.  (Id.)  Plaintiff was instructed to provide facts to indicate a plausible claim existed against any officers, and was further instructed to argue why any such action should not be transferred to the Central District of California.  (Id.)  Plaintiff was given 28 days to file his amended complaint.  (Id.)  On September 2, 2020, the court recommended dismissal for failure to prosecute.  (ECF No. 4.)

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

On September 4, 2020, the court received plaintiff's filing labeled "first amended complaint." (ECF No. 5.) Rather than respond to the court's concerns in its findings and recommendations, plaintiff asserts even fewer facts regarding any alleged incident between himself and officers of the L.A.P.D. Instead, he makes conclusory assertions regarding harassment and torture "for 30 years and more," as against the "federal government, US Attorney, FBI Criminal Division." (Id. at 2.) He asserts that various rock and roll songs have been slandering him since the mid-60s, contends "a massive surveillance harassment attack upon him with assault and battery attempted murder of plaintiff," and maintains "counter intelligence is used" to keep plaintiff from investigating his claims. (Id.) Plaintiff also references space satellites, an episode of harassment in 1989, and various other attacks by unnamed individuals. (Id. at 3-4.)

For the reasons discussed below, the court concludes that plaintiff's first amended complaint fails to state a claim on which relief may be granted, and that further leave to amend would be futile.

Analysis

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S.

2

1  at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986).

Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is ordinarily entitled to notice and an opportunity to amend before dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).  Nevertheless, leave to amend need not be granted when further amendment would be futile.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

As described above, plaintiff's first amended complaint levies numerous conclusory allegations against unnamed individuals.  (ECF No. 5.)  Plaintiff provides no facts to support his conclusory assertions, and those facts that are asserted are wholly frivolous.  While the court is sympathetic to plaintiff's plight, such allegations simply lack an arguable basis in fact.  See Neitzke, 490 U.S. at 325; Franklin, 745 F.2d at 1227–28.  These allegations are implausible on their face, and there is no indication that they are grounded in reality.

Ordinarily, the court liberally grants a pro se plaintiff leave to amend.  However, because the record here shows that plaintiff would be unable to cure the above-mentioned deficiencies through further amendment, the court concludes that granting leave to amend would be futile.

**ORDER**

The court WITHDRAWS its previous findings and recommendations (ECF No. 3.).

**RECOMMENDATIONS**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be DISMISSED;

2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge

3

1  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)
2  days after being served with these findings and recommendations, any party may file written
3  objections with the court and serve a copy on all parties.  Such a document should be captioned
4  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
5  shall be served on all parties and filed with the court within fourteen (14) days after service of the
6  objections.  The parties are advised that failure to file objections within the specified time may
7  waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th
8  Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).
9  Dated:  September 10, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

edis.1304

4